## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NOZOMI PRINCE LABARRERE,

      Plaintiff,

v.                                             Civ. No. 24-1152 GBW

CAPITAL BANK, *et al.*,

      Defendants.

## ORDER GRANTING MOTION TO FILE ELECTRONICALLY

*Pro se* Plaintiff is "requesting to E-file documentation of injury and other evidence caused by the Defendant.  This documentation is stored electronically.  This would allow me to save money on printing cost as well as time so that I do not have to miss work."  *Doc. 4.*

It is not clear whether Plaintiff seeks to electronically file all his documents in this case or only documentation of injury and other evidence.  It is also not clear how Plaintiff intends to electronically file documents.  Plaintiff may not file documents via email.  Plaintiff may only file documents electronically via CM/ECF.  If Plaintiff chooses to file electronically, Plaintiff must file all documents electronically, although in exceptional circumstances that hinder Plaintiff's ability to file electronically, such as items that cannot be converted to PDF, Plaintiff may lodge items at the Clerk's Office or petition the Court for permission to file documents in paper.  *See* CM/ECF Administrative Procedures Manual §§ 1(a)(2)(A), 9(g)(4) (Rev. June 2024).

Furthermore, Plaintiff has not shown that it is necessary to file documentation of injury and other evidence into the Court record at this time.  Pretrial proceedings and the filing of documents, including the disclosure of evidence, are governed by the Federal and Local Rules of Civil Procedure.  *See*, *for example*, Fed. R. Civ. P. 26(a)(1)(ii) (requiring that each party must disclose *to the other parties* "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses" but not requiring that such information be filed into the Court record).

The Court grants Plaintiff permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a

participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico

(Revised June 2024).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to
> become familiar with and to comply with the *Federal Rules of Civil Procedure*
> and the *Local Rules of the United States District Court for the District of New
> Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico

(October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal

Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

**Notice Regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil

Procedure interferes with the judicial process and may result in monetary and non-

monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R.

Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x

352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts

to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules

3

of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3

(10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal

Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)

("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject

Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See*

Fed. R. Civ. P. 11(c).

IT IS ORDERED that Plaintiff's Motion to Request E Filing, *doc. 4*, is GRANTED.


_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE