IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOZOMI PRINCE LABARRERE,

      Plaintiff,

v.                                                    No. 1:24-cv-01152-JMC-GBW

CAPITAL BANK CORPORATION,
EDWARD BARRY,
DOMINIC CANUSO and
KARL DICKER,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff attempted to pay his credit card debt "by sending negotiable instruments." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 4, filed November 12, 2024 ("Complaint"). Plaintiff alleged Defendants violated his civil rights by "refus[ing] to accept and process these negotiable instruments." Complaint at 4.

Defendants filed a Motion to Dismiss the Complaint for failure to state a claim, insufficient process, insufficient service of process and/or to compel arbitration. *See* Doc. 8, filed January 2, 2025. Plaintiff filed an Amended Complaint 20 days after Defendants served their Motion to Dismiss. *See* Complaint for Equitable Relief, Doc. 19, filed January 22, 2025 ("Amended Complaint").

The Court denies Defendants' Motion to Dismiss the original Complaint as moot because Plaintiff has filed an Amended Complaint. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

In his Amended Complaint, Plaintiff alleges:

7. Plaintiff maintained a financial account with Defendant, used for various financial transactions.

8. Plaintiff, in good faith, made payment toward the account balance using valid **negotiable instruments**, specifically **bills of exchange**, as permitted under **the Uniform Commercial Code (UCC) Article 3** and **ASC Accounting Standards.**

9. Defendant improperly and without justification refused to accept and apply these **bills of exchange** to Plaintiff's account, despite their lawful tender and sufficiency to satisfy out standing obligations, in violation of **Congressional authority to regulate currency.**

10. Defendant falsely misrepresented that **bills of exchange tendered under Article 3 of the UCC and ASC Accounting Principles were insufficient to discharge the debt obligation**, despite clear Congressional determination of their validity.

11. Defendant involuntarily and unlawfully closed Plaintiff's account, permanently cutting off Plaintiff's ability to fulfill financial obligations and blocking any further access to the account's financial history, thereby creating a **permanent financial impairment** that cannot be remedied by monetary damages alone.

Amended Complaint at 2 (emphasis in original). Plaintiff seeks the following relief:

1. An order requiring Defendant to **reopen Plaintiff's account**;

2. An injunction prohibiting Defendant from **false credit reporting**;

3. A declaratory judgment recognizing the validity of **bills of exchange as lawful payments**;

4. An order requiring Defendant to **correct falsified financial records** and properly apply payments;

5. Attorney's fees, costs of litigation, and such other relief as this Court deems just and equitable.

Amended Complaint at 4 (emphasis in original). Plaintiff states:

This Court has jurisdiction pursuant to **Article I, Section 8 of the U.S. Constitution** and 28 U.S.C. § 1331 as this case involves a federal question concerning negotiable instruments under **the Uniform Commercial Code (UCC)**

2

**Article 3, ASC Accounting Principles**, and **Congressional authority to regulate currency**.

Amended Complaint at 1 (emphasis in original); U.S. Const. art. I, § 8 (listing the powers of Congress).

Defendants filed a Motion to Dismiss the Amended Complaint for, among other things, lack of subject-matter jurisdiction. *See* Doc. 20, filed February 4, 2025 ("Motion"). Defendants contend that:

> claims for specific performance, injunctive relief, and declaratory judgment under "the UCC" (the sole statutory basis set forth in the Amended Complaint) do not establish a basis for federal question jurisdiction over this matter. *See Johnson v. Tesla, Inc.,* No. CV 23-242 SCY, 2023 WL 2810051, at *1 (D.N.M. Apr. 6, 2023) ("Plaintiff asserts the first cause of action under the Uniform Commercial Code … which is a model code and neither federal nor state law (except to the extent New Mexico has enacted it, in which case it is a state law)."). Plaintiff's Amended Complaint sets forth no other federal statute and instead repeatedly re-invokes the UCC as the basis for his factual assertions. *See* Amend. Compl. ¶¶ 8, 10. Plaintiff also references a claim of defamation, which is not based on any federal law. *Id*. ¶ 13. The only substantive federal statute Plaintiff cites is 28 U.S.C. § 2201, which allows a federal court to grant declaratory relief only in "a case of actual controversy *within its jurisdiction*." *Id.*, emphasis added. Because Plaintiff has not stated a federal claim, the Court lacks jurisdiction to grant declaratory or any other relief.

Motion at 3.

Plaintiff characterizes Defendants' Motion to dismiss for lack of jurisdiction as a "procedural challenge" which "cannot, and should not, deny [Plaintiff's] right to equitable relief" because:

> As emphasized in **Grable & Sons Metal Products, Inc. v. Darue Engineering & MFG.**, 545 U.S. 308 (20025), **federal jurisdiction exists** when a case implicates **significant federal questions**, even if the claims are rooted in state law. In this case, the [**Plaintiff's**] **claims**, grounded in but not limited to **fraud, breach of fiduciary duty, wrongful conduct,** and **unjust enrichment**, raise federal questions and involve the **constitutional** rights of the [**Plaintiff**].
>
> In **Marshall v. Holmes**, 141 U.S. 589 (1891), the **Supreme Court** affirmed that **federal** courts have **jurisdiction** over matters involving **equitable relief**,

3

> particularly when the **constitutional protections** or **federal statutes** are implicated. Therefore, this Court is fully empowered to hear and adjudicate the [**Plaintiff's**] **claims**, which include both **legal and equitable elements.**

Bill in Equity Responding to Defendants' Motion to Dismiss Amended Complaint and Request for Equitable Relief, Doc. 21, filed February 5, 2025 ("Response").

There are two ways a complaint can establish federal question jurisdiction:

> For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Morris,* 39 F.3d at 1111) (internal quotation marks omitted); *accord Gilmore v. Weatherford,* 694 F.3d 1160, 1170–72 (10th Cir. 2012); *see also Viqueira v. First Bank,* 140 F.3d 12, 17 (1st Cir. 1998) ("[T]he well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiffs' complaint."). "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Gilmore,* 694 F.3d at 1171 (quoting *Empire Healthchoice Assurance Inc. v. McVeigh,* 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

*Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012).

In cases where federal law creates the cause of action, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Amended Complaint does not identify any federal statutory or constitutional provisions under which Plaintiff's claims in this case arise and Plaintiff does not argue that federal law creates the causes of action in this case.

Consequently, to establish federal question jurisdiction in this case Plaintiff's right to relief must necessarily depend on resolution of a substantial question of federal law:

> The Supreme Court has instructed that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of

4

federal law." *Grable*, 545 U.S. at 312, 125 S.Ct. 2363. This is true "[e]ven though state law creates [a plaintiff's] causes of action" because a "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. 2841. But this circumstance describes a "special and small category" of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006).

A federal court can exercise federal-question jurisdiction over an action that pleads only state-law claims if those claims "require[ ] resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. 2841. The Supreme Court set out the standard for substantial question jurisdiction in *Grable*. The Court explained that the relevant question is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.

Like complete preemption, "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012). It is not triggered by a "mere need to apply federal law in a state-law claim." *Grable*, 545 U.S. at 313, 125 S.Ct. 2363. Nor can it be triggered solely by a federal defense, in keeping with the well-pleaded complaint rule. *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014).
....

The elements for substantial federal question—or *Grable*—jurisdiction are that the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258, 133 S.Ct. 1059.

*Bd. of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1257, 1265 (10th Cir. 2022). There are two tests to determine whether a federal question is substantial, *Grable/Gunn* and *Merrell Dow*:

1) *Grable/Gunn* substantiality

To satisfy *Grable*'s "substantial" prong, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260, 133 S.Ct. 1059. "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*; *see Grable*, 545 U.S. at 310, 125 S.Ct. 2363 (holding "that the *national interest* in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of

5

> federal-question jurisdiction." (emphasis added)). Such importance to the system can be evaluated by assessing whether the federal issue "would be controlling in numerous other cases." *McVeigh*, 547 U.S. at 700, 126 S.Ct. 2121. For example, "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous ... cases." *Id.* (quoting R. Fallon, et al., Hart & Wechsler's the Federal Courts and the Federal System 65 (2005 Supp.)). In contrast, resolution of claims that are "fact-bound and situation-specific" would not have this precedential effect and would be insufficiently substantial. *Id.* at 701, 126 S.Ct. 2121.
> ....
> 
> 2) *Merrell Dow* substantiality
> 
> A federal issue may also be substantial when the relevant federal law provides a private right of action or preempts state remedies. *Grable*, 545 U.S. at 316, 125 S.Ct. 2363 (citing *Merrell Dow*, 478 U.S. at 812, 106 S.Ct. 3229).

*Bd. of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th at 1268-1269.

Plaintiff has not shown that his claims require resolution of a substantial question of federal law. The Amended Complaint makes vague allegations that Defendants violated "Congressional authority to regulate currency" and Defendants' conduct "constitutes irreparable harm to Plaintiff's constitutional rights." Amended Complaint at 2-3. Plaintiff's Response makes a similarly vague assertion that his claims "raise federal questions and involve the constitutional rights of the [Plaintiff.]" Response at 2. Plaintiff has not shown that resolution of his claims is an issue of importance to the federal system as a whole, or that any relevant federal law provides a private right of action or preempts state remedies for his claims. Plaintiff also has not shown that resolution of his claims, which are fact-bound and specific to this case, would have precedential effect in governing numerous future cases.

The Court dismisses this case for lack of jurisdiction because the Amended Complaint does not establish that federal law creates Plaintiff's causes of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See*

6

Fed. R. Civ. P.12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Defendants also seek dismissal for failure to state a claim, insufficient process, insufficient service of process and/or to compel arbitration. *See* Motion at 1. Because this Court is dismissing this case for lack of jurisdiction, the Court does not consider Defendants' arguments regarding stating a claim, service of process and compelling arbitration. The Court also denies as moot Plaintiff's pending motions for injunctive relief, for discovery and to strike documents filed by Defendants' counsel, and Defendants' motion to strike Plaintiff's pending motions.

**IT IS ORDERED** that:

(i) Defendants' Motion and Memorandum of Law to Dismiss Complaint for Failure to State a Claim, Insufficient Process, Insufficient Service of Process, and/or to Compel Arbitration, Doc. 8, filed January 2, 2025, is **DENIED as moot.**

(ii) Defendants' Motion and Memorandum of Law to Dismiss Amended Complaint for Failure to State a Claim, Insufficient Process, Insufficient Service of Process, and/or to Compel Arbitration, Doc. 20, filed February 4, 2025, is **GRANTED.**

(iii) The following motions are **DENIED as moot:**

(a) Plaintiff's Bill for Injunctive Relief and Constructive Trust in Equity, Doc. 27, filed March 4, 2025;

(b) Plaintiff's Bill for Discovery in Equity, Doc. 28, filed March 4, 2025;

(c) Plaintiff's Bill in Equity to Strike Attorney Filings and Require Verified Answers Under Oath, Doc. 29, filed March 4, 2025; and

(d) Defendants' Motion to Strike Plaintiff's March 4, 2025 Filings, Doc. 31, filed March 17, 2025.

(iv) This case is **DISMISSED without prejudice.**

                                                /s/ Joel M. Carson III
                                                **JOEL M. CARSON III**
                                                **UNITED STATES CIRCUIT JUDGE**
                                                **Sitting by Designation**